OPINION OF THE COURT
Norman C. Ryp, J.
By stipulation, between the parties in open court on January 28, 1981, the above-entitled commercial nonjury action for $10,000 in damages for negligence and breach of contract was submitted to this court for decision based upon trial memoranda and pretrial depositions by plaintiffs on February 27, 1980 in lieu of trial, on the issue of damages only.
FACTS
The plaintiffs, Franklyn and Evelyn Kupferman, took a group tour of China from June 20, 1978 to July 8, 1978 operated by defendant Pakistan International Airlines (PIA). This tour per person included land ($881) and air ($1,152) accommodations at a total cost of $2,033 or $4,066 per couple with a PIA charter flight from JFK International to Peking, China, with a stopover at Karachi, Pakistan. Plaintiffs’ luggage was mislaid after loading at JFK on June 20,1978 and not returned to plaintiffs until July 5 *486 or 6, 1978 just prior to their return to New York. This left plaintiffs without clothing, health aids, medication, movie camera, film and other necessary travel items which plaintiffs were unable to obtain for the duration of their stay in China. The absence of such articles restricted and at times prohibited their participation in tour activities because of lack of suitable clothing and toiletries to cope with the heat (98 degrees), caused plaintiffs to expend money and precious travel time on long-distance telephone calls attempting to recover their possessions and attempting without success to purchase replacements.
THE PARTIES’ CONTENTIONS
Plaintiffs contend that defendant’s negligence caused each physical discomfort and mental anguish, converting an anticipated Oriental holiday into an unpleasant, difficult experience and seek damages in the amount of $4,066, the total cost of subject tour. They contend PIA is liable for damages caused by delay in transportation of their luggage pursuant to article 19 of the Convention for Unification of Certain Rules Relating to International Transporation by Air (Warsaw Convention) (49 US Stat 3014); is guilty of “wilful misconduct”, pursuant to article 25 of the Warsaw Convention; and failed to comply with article 4 of the Warsaw Convention so that the monetary limitations upon defendant’s liability, pursuant to the Warsaw Convention, are inapplicable.
Defendant, PIA, admits liability but contends the monetary limitations of $400 per person of subdivisions (2) and (4) of article 22 of the Warsaw Convention apply herein and disclaims any willful misconduct. The $400 per person monetary limitation is based upon $20 per kilogram (or $9.07 per pound) multiplied by the 20 kilogram (or 44 pounds) maximum baggage allowance.
APPLICABLE LAW
The Convention for Unification of Certain Rules Relating to International Transportation by Air (Warsaw Convention) (49 US Stat 3014) governs the rights and liabilities of the parties herein. (See Warsaw Convention, art 1; Lisi v Alitalia-Linee Aeree Italiane, 253 F Supp 237, affd *487 370 F2d 508, affd 390 US 455; Hill v Eastern Airlines, 103 Misc 2d 306; Schedlmayer v Trans Int. Airlines, 99 Misc 2d 478; Kalish v Trans World Airlines, 89 Misc 2d 153.) Pursuant to article 19: “The carrier shall be liable for damage occasioned by delay in the transportation by air of passengers, baggage, or goods.”
Article 4 of the Warsaw Convention governs baggage checks:
“Article 4”
“(1) For the transportation of baggage, other than small personal objects of which the passenger takes charge himself, the carrier must deliver a baggage check.
“(2) The baggage check shall be made out in duplicate, one part for the passenger and the other part for the carrier.
“(3) The baggage check shall contain the following particulars:
“(a) The place and date of issue;
“(b) The place of departure and of destination;
“(c) The name and address of the carrier or carriers;
“(d) The number of the passenger ticket;
“(e) A statement that delivery of the baggage will be made to the bearer of the baggage check;
“(f) The number and weight of the packages;
“(g) The amount of the value declared in accordance with article 22 (2);
“(h) A statement that the transportation is subject to the rules relating to liability established by this convention.
“(4) The absence, irregularity, or loss of the baggage check shall not affect the existence or the validity of the contract of transportation which shall none the less be subject to the rules of this convention. Nevertheless, if the carrier accepts baggage without a baggage check having been delivered, or if the baggage check does not contain the particulars set out at (d), (f), and (h) above, the carrier shall not be entitled to avail himself of those provisions of the convention which exclude or limit his liability.”
*488 An examination of plaintiffs’ passenger tickets and baggage checks indicates noncompliance with article 4 (subd [3], par [f]). Clearly, PIA’s liability is not subject to any monetary restriction pursuant to subdivision (2) of article 22 of the Warsaw Convention. (See Hill v Eastern Airlines, 103 Misc 2d 306, supra; Schedlmayer v Trans Int. Airlines, 99 Misc 2d 478, supra.)
Plaintiff further contends willful misconduct by PIA in that defendant (1) incorrectly ticketed plaintiffs’ luggage for Karachi instead of Peking, (2) despite repeated requests by plaintiffs refused to correctly ticket the luggage, (3) refused to verify that the luggage was on the plane with plaintiffs from Karachi to Peking, (4) failed to retrieve luggage from Karachi for 15 days, and (5) gave self-serving false assurances through its agents and employees that subject luggage would be returned the next day. Willful misconduct is defined in subdivision (1) of article 25.
“Article 25”
“(1) The carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his wilful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct.
“(2) Similarly the carrier shall not be entitled to avail himself of the said provisions, if the damage is caused under the same circumstances by any agent of the carrier acting within the scope of his employment.”
This court finds fact that the above actions constitute “wilful misconduct” under article 25. (Compania De Aviacion Faucett, S.A. v Mulford, 386 So 2d 300 [Fla]; Cohen v Varig Airlines, S.A., 62 AD2d 324.) Therefore any limitations on defendant PIA’s liability pursuant to the Warsaw Convention are nullified by defendant’s conduct herein.
Compensable items of damage under the Warsaw Convention are to be determined pursuant to the law of the jurisdiction having the greatest or dominant interest in the matter. This court finds, in fact and law, that New York is the jurisdiction with the greatest interest in this matter; plaintiffs are New York residents, defendant PIA is a *489 foreign corporation licensed to do business in New York, subject tour began and ended in New York; therefore the laws of New York govern the award of damages. (Mertens v Flying Tiger Line, 341 F2d 851, cert den 382 US 816; Husserl v Swiss Air Transp. Co., 351 F Supp 702, affd 485 F2d 1240; Babcock v Jackson, 12 NY2d 473; Auten v Auten, 308 NY 155.)
Plaintiffs are entitled to fair and just compensation for physical discomfort, inconvenience, humiliátion, embarrassment and loss of a refreshing, memorable vacation due to the total absence of their luggage including a movie camera for the duration of the China tour, despite the fact that subject luggage was returned intact, 15-16 days later, just before their return flight.
“[T]he law has evolved a liberal rule of damages where a passenger has been subjected to humiliating indifference and has been accorded treatment inferior to the class of treatment that he had bargained for.” Owens v Italia Societa Per Azione Navigazione-Genova (70 Misc 2d 719, 723, affd 75 Misc 2d 104), wherein the court awarded damages in the amount of one-third total cost of passage in compensation for an incomplete cruise, substandard accommodation and staff incompetence. Damages have been awarded for mental anguish, inconvenience and humiliation that resulted from inadequate accommodations: Odysseys Unlimited v Astral Travel Serv. (77 Misc 2d 502, plaintiffs awarded entire cost of trip); Bucholtz v Sirotkin Travel (74 Misc 2d 180, affd 80 Misc 2d 333, plaintiffs awarded one-third cost of trip).
This case is clearly distinguishable from Cohen v Varig Airlines, S.A. (62 AD2d 324, supra) wherein plaintiffs’ luggage was never recovered. In Cohen, the court refused compensation for mental distress holding that plaintiffs were adequately compensated for their loss by recovery of the actual value of the lost luggage and contents. (See, also, Hill v Eastern Airlines, 103 Misc 2d 306, supra.) Clearly, a different measure of damages must be applied when, as in the subject action, delay in transportation, not loss of luggage was the proximate cause of plaintiffs’ injuries.
*490 Accordingly, this court finds, in fact and law, that plaintiffs have by a fair preponderance of the credible evidence sustained their burden of proof and are hereby awarded damages in the amount of $677.67 each (which is one third of the total cost of the trip) or a total of $1,355.34, plus interest, costs and disbursements.