EXIM INDUSTRIES, INC.,
Plaintiff-Appellant,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Defendant-Appellee.

Cal. No. 357, Docket 84–7612.

United States Court of Appeals,
Second Circuit.

Argued Oct. 16, 1984.
Decided Jan. 31, 1985.

---

John R. Foster, New York City (Waesche, Sheinbaum & O'Regan, P.C., New York City, of counsel), for plaintiff-appellant.

John N. Romans, New York City (Daniel R.C. Lenihan, Kevin R. Kopelson, Curtis, Mallet-Prevost, Colt & Mosle, New York City, of counsel), for defendant-appellee.

Condon & Forsyth, New York City, for amicus curiae Intern. Air Transport Ass'n.

Before OAKES and VAN GRAAFEILAND, Circuit Judges, and METZNER, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

Exim Industries, Inc. (Exim) appeals from a summary judgment of the United States District Court for the Eastern District of New York (Bramwell, *J.*), limiting Exim's recovery for goods lost in transit by Pan American World Airways, Inc. (Pan Am) pursuant to article 22 of the Warsaw Convention. Pan Am concedes that it lost two shipments of Indian silk blouses consigned to Exim, while they were en route from India to New York. Although the alleged market value of the goods exceeded $80,000, the district court limited Exim's recovery to $8,740. We affirm.

The transportation of cargo in international flight is governed by the Warsaw Convention, *reprinted in* 49 U.S.C. § 1502 note, which presumes air carrier liability for loss (article 18) but limits recovery to $20 per kilogram unless the consignor specially declares the value and pays a supplementary fee (article 22(2)). The Convention provides, however, that

> if the air waybill does not contain all the particulars set out in article 8(a) to (i), inclusive, and (q), the carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability.

Exim contends that Pan Am's waybills for the lost shipments fail to comply with subsections (h), (i), and (q) of article 8 of the Convention, which require the following particulars:

> (h) The number of packages, the method of packing, and the particular marks or numbers upon them;
>
> (i) The weight, the quantity, the volume, or dimensions of the goods;
>
> (q) A statement that the transportation is subject to the rules relating to liability established by this convention.

█ The district court found that several of these particulars were missing from the

---

waybills covering the two shipments. The first waybill gave the number of packages and their weight and dimensions but did not describe the method of packing or indicate that the packages were numbered 1 through 7. The second waybill, the court said, omitted the volume and dimensions of the cargo. Finally, rather than stating categorically that the transportation "is" subject to the Warsaw Convention, each waybill stated that it "may be" so subject. Despite these findings, the district court concluded that Pan Am was not foreclosed from asserting limited liability. We agree.

Depending upon the nature of the shipment, some of the particulars set forth in subsections (h) and (i) may have practical significance, and some may not. It is possible, for example, that the statement of a cargo's weight may assist the shipper, not only in checking the rate, but also in calculating the carrier's liability for loss. *See Maghsoudi v. Pan Am,* 470 F.Supp. 1275 (D.Hawaii 1979). In the instant case, however, the particulars missing from the first waybill—the method of packing and the numerical markings—were technical and insubstantial omissions that did not prejudice the shipper and were of little commercial significance. Their omission did not preclude limitation of liability. *See Eck v. United Arab Airlines, Inc.,* 360 F.2d 804, 812 (2d Cir.1966); *Martin v. Pan Am,* 563 F.Supp. 135, 139–40 (D.D.C.1983).

The second waybill contained information as to the weight and the number of packages, but said nothing about their volume and dimensions or the number of blouses in each package. Appellant contends that subsection (i), properly translated from the original French version, requires that the waybill state the weight *and* the quantity *and* the volume or dimensions of the goods. Although there do not appear to be any domestic cases squarely on point, several foreign courts have rejected this contention, holding that subsection (i) should be read disjunctively and that only those particulars having practical commercial significance with respect to the shipment involved need be incorporated in the waybill. *See Corocraft Ltd. v. Pan American Airways, Inc.,* [1969] 1 Q.B. 616; *Dico Handel-en Industrie Mij. N.V. v. Garuda Indonesian Airways, P.N.,* No. 83 Schip en Schade 1970, 199 (Dist.Ct. Amsterdam, Oct. 29, 1969); *Black Sea & Baltic General Insurance Co. Ltd. v. Scandinavian Airlines System* (Zurich High Court, 2d Civ. Chamber (March 4, 1966)). We believe this Court should adopt the same interpretation, not only because it would further the desirable policy of uniformity, *see Reed v. Wiser,* 555 F.2d 1079, 1083 (2d Cir.), *cert. denied,* 434 U.S. 922, 98 S.Ct. 399, 54 L.Ed.2d 279 (1977), but also, and more importantly, because the interpretation is correct. In the instant case, because the rate was based on weight, figures showing the volume and dimension of each carton and the quantity of blouses contained therein would be of no practical significance with respect to either the identity of the shipment or the rate to be charged. Their omission, therefore, is not a ground for denying limitation of liability.

Like the district court, we are not persuaded by appellant's argument concerning the alleged inadequacy of the "Notice Concerning Carriers Limitations of Liability", which states that "[i]f the carriage involves an ultimate destination or stop in a country other than the country of departure, the Warsaw Convention may be applicable." Although the Convention prescribes the use of the word "is", not the words "may be", we believe the framers' intent was that the shipper be given reasonable notice of the likelihood that the Convention would be applicable, not that the carrier be treated as a didactic arbiter of the law. The phrase "may be" is consistent with this intent. Indeed, the Civil Aeronautics Board has ordered the use of these exact words in the notices required for international air passengers. *See* 14 C.F.R. § 221.175 (1984). We agree with the district court that the above-quoted clause in Pan Am's waybill gave the shipper, a commercial enterprise, adequate notice. *See Moyer v. Port Authority of N.Y.,* 16 Av.Cas. (CCH) 18,081 (E.D.N.Y.1981); *Seth v. British Overseas Airways Corp.,*

216 F.Supp. 244, 248 (D.Mass.1963), *aff'd*, 329 F.2d 302 (1st Cir.), *cert. denied*, 379 U.S. 858, 85 S.Ct. 114, 13 L.Ed.2d 61 (1964).

Appellant's final contention, that prejudgment interest should be awarded in Warsaw Convention cases, already has been rejected by this Court. *O'Rourke v. Eastern Air Lines, Inc.*, 730 F.2d 842, 851–53 (2d Cir.1984).

The judgment of the district court is affirmed.