**Vic O. ABBAA, and Ovicx Corporation, a Minnesota corporation, Plaintiffs,**

**v.**

**PAN AMERICAN WORLD AIRWAYS, INC. a New York corporation, Defendant.**

**Civ. No. 4–86–806.**

United States District Court, D. Minnesota, Fourth Division.

Nov. 24, 1987.

Jeffrey Thill, Taylor Law Firm, Minneapolis, Minn., on behalf of plaintiffs.

Mark Heley, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Minn., on behalf of defendant.

MEMORANDUM OPINION
AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiffs, Vic O. Abbaa and Ovicx Corporation, commenced this action against defendant Pan American World Airways, Inc. (Pan Am) to recover damages for personal luggage and soccer equipment lost in transit to the Lagos, Nigeria airport. Diversity jurisdiction is alleged under 28 U.S.C. § 1332. The matter presently before the court is defendant's motion to dismiss for lack of subject matter jurisdiction, or, for summary judgment under Fed.R.Civ.P. 56.

On March 6, 1986 Abbaa, a business marketing director for Ovicx Corporation, took a Pan Am flight from Chicago to New York and then to Lagos, Nigeria. He checked five bags with Pan Am, including personal belongings and three duffel bags of soccer equipment—1500 T-shirts and 120 pairs of soccer boots. Abbaa arrived in Lagos on March 7, 1986, but his baggage did not. Abbaa orally reported the loss immediately to the Pan Am agent who suggested checking back after the next New York flight, on March 11, 1986. When the baggage did not arrive on that flight, a Pan Am employee, at Abbaa's instruction, filled out a baggage irregularity form, sending a copy with Abbaa. Additional correspondence took place between Pan Am and Abbaa for several months after the flight. Pan Am claims that the loss was investigated, but the baggage never turned up.

On July 1, 1986, Pan Am acknowledged receipt of Abbaa's lost baggage claim, but denied Abbaa's request for reimbursement, stating that the loss was not reported on arrival or in writing within 21 days from the date of travel. This suit followed wherein plaintiffs challenge Pan Am's assertions that the claim was not properly filed, and seek damages of $15,728.00.

■ Pan Am argues that this court does not have subject matter jurisdiction to hear the dispute since jurisdiction is based on diversity, 18 U.S.C. § 1332, and the amount in controversy is less than ten thousand dollars. Dismissal of a claim for failure to meet the jurisdictional amount is appropriate where it appears to a legal certainty that the claim is for less than the jurisdictional minimum. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Buffington v. Anchem Products, Inc.*, 489 F.2d 1053, 1056 (8th Cir.1974). Pan Am acknowledges that plaintiffs' damage claim seeks more than ten thousand dollars, but argues that to a legal certainty plaintiffs' recovery may not exceed the amount of reimbursement provided for under the Warsaw Convention (the Convention), *reprinted in* 49 U.S.C. § 1502.[1] That amount is generally limited under the Convention to a maximum of $634.90 per bag, or a total of $3,175.50 for the five bags here. Thus, Pan Am says any potential recovery is less than the jurisdictional minimum.

Plaintiffs concede the applicability of the Warsaw Convention to this international flight. They also do not contest that the presumptive weight of each piece of luggage is 70 pounds, *see Martin v. Pan American World Airways, Inc.*, 563 F.Supp. 135 (D.D.C.1983),[2] and that Pan Am has set reimbursement under the Convention at $9.07 per pound. Plaintiffs ar-

1. The Convention is an international treaty, to which the United States is a signatory, which among other things limits liability for international air carriers. Chapter III, Article 22(2) of the Convention provides that the maximum liability for the carrier in the transportation of checked baggage: "shall be limited to a sum of 250 francs per kilogram, unless the cosigner has made, at the time when the package was handed over to the carrier, a special declaration of the value of delivery and has paid a supplementary sum if the case so requires...." The Civil Aeronautics Board, in 1974, informed international air carriers that under Article 22(2) of the con-

vention, the minimum acceptable liability for lost baggage or cargo would be $9.07 per pound. *See Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984), *rehearing denied*, 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984).

2. The Civil Aeronautics Board Tariff, Rule 55(c)(3), note 3, cited in *Martin*, provides that the weight of each piece of luggage shall be deemed to be the maximum allowable weight (70 lbs) ... unless the actual weight is stated on the baggage check. *Martin*, 563 F.Supp. at 140.

gue, however, that the limitations on liability do not apply here because the airline failed to comply with portions of Convention Article 4(f) which provides that "if the baggage check does not contain the particulars set out ... above [including number and weight of packages], the carrier shall not be entitled to avail himself of those provisions of the convention which exclude or limit his liability."[3] Plaintiffs allege that baggage claims for the lost baggage do not indicate the weight of the packages and that the convention's limitations are therefore inapplicable. Their recovery should include, they argue, the total value of the lost baggage—$10,539.00, plus the baggage charge of $450.00 and special damages. They seek a total of $15,728.00.

Plaintiffs rely on several cases which have strictly construed the Article 4(4) exceptions to the limitations on liability and permitted recovery of actual losses, even when the air carrier's omissions were minor. *See, e.g., Gill v. Lufthansa German Airlines,* 620 F.Supp. 1453, 1454–56 (E.D. N.Y.1985); *Maghsoudi v. Pan Am World Airways, Inc.,* 470 F.Supp. 1275, 1278–79 (D.Hawaii 1979); *Kupferman v. Pakistan International Airlines,* 108 Misc.2d 485, 488, 438 N.Y.S.2d 189, 192 (1981); *Hill v. Eastern Airlines, Inc.,* 103 Misc.2d 306, 307, 425 N.Y.S.2d 715, 716 (1980); *Schedlmayer v. Trans International Airlines, Inc.,* 99 Misc.2d 478, 484, 416 N.Y. S.2d 461, 465–66 (1979).

The more persuasive view, however, is the position asserted by the defendant: technical failures to comply with the Warsaw Convention will not preclude applying the limitations on liability when the omissions have not prejudiced the claimants. *See, e.g., Exim Industries Inc. v. Pan American World Airways, Inc.,* 754 F.2d 106, 108 (2d Cir.1985) (technical failures to state method of packing, and volume and dimensions of cargo, did not preclude limiting air carrier's liability); *Republic National Bank of New York v. Eastern Airlines,* 815 F.2d 232 (2d Cir.1987) (omissions from a release form given by air carrier to a bank's courier did not preclude limiting liability to $9.07 per pound, or $634.90 for $2 million of lost currency); *Martin,* 563 F.Supp. 135 (failure to attach baggage tag to one suitcase and to record the weight of luggage was insubstantial omission).

Here the plaintiffs were not prejudiced by Pan Am's failure to note the weight of the baggage. Mr. Abbaa knew the approximate weight of the baggage shipped, and apparently even had at least constructive notice that his shipment was overweight.[4] Moreover, the plaintiffs are not, as they contend, "unwary victims" of the Convention limitations on liability. Oviex Corporation is in the business of exporting merchandise, and Abbaa has several times exported goods through international air carriers. Both may reasonably be held responsible for understanding the conditions under which their merchandise is shipped. In addition, Abbaa chose to forego obtaining additional insurance for the full value of his baggage; and, when offered the opportunity before departure, Abbaa chose not to declare excess value on the shipment.

Because plaintiffs were not actually prejudiced by the alleged failure to note the baggage weight, the Warsaw Convention limitations on liability apply. Plaintiffs' maximum potential recovery is thus less than ten thousand dollars so this court does not have subject matter jurisdiction under 28 U.S.C. § 1332.[5] The claim should there-

3. *See Lisi v. Alitalia–Linee Aeree Italiane, S.P.A.,* 370 F.2d 508 (2nd Cir.1966), *affirmed,* 390 U.S. 455, 88 S.Ct. 1193, 20 L.Ed.2d 27 (1968) *rehearing denied,* 391 U.S. 929, 88 S.Ct. 1801, 20 L.Ed. 2d 671 (1968).

4. Abbaa contends that the five pieces together weighed approximately 500 pounds. The ticket stated in highlighted language that unless otherwise stated on the baggage check, the weight of each piece of baggage shall be deemed by Pan Am to be 70 pounds.

5. Plaintiffs also argue that the Warsaw Convention limitations on liability do not apply here because the loss was caused by willful misconduct. Plaintiffs' Memorandum at pp. 7–8. However, no showing of willfulness has been made other than the bare assertion in plaintiffs' complaint and memorandum. That allegation alone is insufficient to sustain the claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Therefore, it remains a legal certainty that plaintiffs, if successful,

fore be dismissed without prejudice. Under the circumstances, the court need not address the other issues raised by the parties.

Accordingly, pursuant to the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss for lack of subject matter jurisdiction is granted, and

2. Plaintiffs' action is dismissed without prejudice.

would recover less than the jurisdictional minimum. *See Republic National Bank of New York*