MARITIME INSURANCE COMPANY, LIMITED, as subrogee of Continent–Wide Enterprises, Ltd., Plaintiff,

v.

EMERY AIR FREIGHT CORPORATION, a/k/a Emery Worldwide, Defendant.

No. 90 Civ. 6684 (RWS).

United States District Court, S.D. New York.

July 2, 1991.

As Amended July 18, 1991.

Yorkston W. Grist, P.C., New York City (David L. Mazaroli, of counsel), for plaintiff.

Crowell, Rouse & Matera, New York City (Francis R. Matera, of counsel), William D. Bierman, Westwood, N.J., for defendant.

## OPINION

SWEET, District Judge.

Plaintiff Maritime Insurance Company Limited ("Maritime") has moved pursuant to Rules 12(f) and 56, Fed.R.Civ.P., for an order granting summary judgment of its action arising out of an alleged failure to deliver goods shipped by defendant Emery Air Freight Corporation ("Emery"). For the reasons set forth below, the motion is denied.

### The Parties

Maritime, a Canadian corporation based in Toronto, brings this action arising under a treaty of the United States as subrogee of Continent–Wide Enterprises, Ltd. ("Continent"), the purchaser and owner of the shipment.

Emery is a New York corporation engaged in the air freight business.

Pan American World Airways, Inc. ("Pan Am"), a New York corporation, is the carrier engaged by Emery to perform the initial leg of carriage of the shipment.

### Prior Proceedings

Maritime filed this action on October 16, 1990. Emery's answer asserted affirmative defenses based on the limitation of liability pursuant to the governing treaty to $9.07 per pound or $20.00 per kilogram.

On January 7, 1991, Emery filed a third-party complaint against Pan Am. By order of February 12, 1991, the court dismissed the third-party complaint on the grounds that Pan Am had filed in the Southern District of New York a petition for reorga-

nization under Chapter 11 of the Bankruptcy Code.

On February 27, 1991 Emery filed a motion for *forum non conveniens.* On March 6, 1991, Maritime filed this cross motion for summary judgment. At oral argument on March 26, 1991, the court denied Emery's motion for *forum non conveniens* and reserved decision on the summary judgment motion.

*The Facts*

This action arises out of the alleged failure to deliver a shipment of Canon photographic materials moving in international air carriage from Panama to Toronto under an air waybill issued by Emery.

Continent delivered the goods for shipment by Emery on October 28, 1988.

Emery issued air waybill PTY–71060 which acknowledged that the goods were "received in good condition" and described the consignee as Continent–Wide Enterprises, Ltd. The Emery waybill is signed by R. Mancilla and is dated October 28, 1988.

Under the terms of the waybill, Emery contracted to transport the shipment by air and deliver it to Continent in Toronto in consideration of a prepaid freight charge.

Emery routed the shipment through the United States and engaged Pan Am to perform the initial leg of the carriage.

The goods were not delivered.

The Emery waybill states that it incorporates the Convention for the Unification of Certain Rules Relating to International Carriage by Air signed at Warsaw, Poland on October 12, 1929 (the "Warsaw Convention"), codified at 49 U.S.C. §§ 1502 *et seq.*

Article 8 of the Warsaw Convention provides that:

The airway bill shall contain the following particulars:

a) The place and date of its execution;

b) The place of departure and of destination;

c) The agreed stopping places, provided that the carrier may reserve the right to alter stopping places in case of necessity, and that if he exercises that right, alteration shall not have the effect of depriving the transportation of its internal character;

d) The name and address of the consignor;

e) The name and address of the first carrier;

f) The name and address of the consignee, if the case so requires;

g) The nature of the goods;

h) The number of packages, the method of packing, and the particular numbers or marks upon them;

i) The weight, the quantity, the volume, or dimensions of the goods;

j) The apparent condition of the goods and the packing;

k) The freight, if it had been agreed upon, the date and the place of payment, and the person who is to pay it;

l) If the goods are sent for payment on delivery, the price of the goods, and if the case so requires, the amount of the expense incurred;

m) The amount of value declared in accordance with article 22(2);

n) The number of parts of the air waybill;

o) The documents handed to the carrier to accompany the air waybill;

p) The time fixed for the completion of the transportation and a brief note of the route to be followed, if these matters have been agreed upon;

q) A statement that the transportation is subject to the rules relating to liability established by this convention.

Article 9 of the Warsaw Convention states as follows:

If the carrier accepts goods without an air waybill having been made out, or if the air waybill does not contain all the particulars set out in Article 8(a) to (i), inclusive, and (q), the carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability.

The Emery waybill omitted the name of the first carrier, the stopping place, the volume or dimensions, and the place of execution of the waybill, required by Article 8(e), (c), (i), and (a), respectively.

As required pursuant to clause 5 of the waybill, Maritime presented its claim to Emery demanding payment for the C & F value of the shipment, $58,220.00.

Emery sought to limit its liability based on Article 22 of the Warsaw Convention, which limits air carrier liability to $9.07 per pound, $20.00 per kilogram of cargo damaged or lost.

Emery tendered settlement in the amount of $4,435.23 based on the application of the Warsaw Convention limitation to the weight of the shipment.

Maritime refused to accept or negotiate such offer.

## Discussion

### I. Summary Judgment Standard

Summary judgment is authorized if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). Summary judgment is appropriate only in the circumstances where "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of demonstrating the absence of any genuine issue as to all the material facts, and the non-moving party is entitled to all favorable inferences that may be drawn from the evidence. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444–45 (2d Cir.1980).

The dispute before the court for the purposes of the instant summary judgment motion centers on the applicability of the weight-based damages limitation provided by the Warsaw Convention. It is undisputed that Emery failed to comply with certain particulars required pursuant to Article 8. If, therefore, Maritime can demonstrate as a matter of law the applicability of Article 9, which disallows the weight-based limitation of liability for a carrier who fails to comply with the particulars listed in Article 8, then Maritime is entitled to summary judgment as a matter of law.

### II. The Applicability of the Liability Limitations of the Warsaw Convention

■ The Warsaw Convention governs, among other types of transportation, the shipment of cargo in international flight. Article 18 of the Warsaw Convention presumes air carrier liability for loss, but Article 22 limits recovery to $9.07 per pound, $20.00 per kilogram of cargo damaged or lost. *Exim Indus. v. Pan American World Airways, Inc.*, 754 F.2d 106, 107 (2d Cir.1985); *see Republic Nat'l Bank v. Eastern Airlines, Inc.*, 815 F.2d 232, 236 (2d Cir.1987) (with respect to checked baggage, Article 18 provides for strict liability of carriers for loss or damage sustained while under the control of the carrier).

In *Exim*, the Court of Appeals considered the question of whether the carrier's omission of certain particulars required pursuant to Article 8 resulted in a waiver of the limitations on a carrier's liability contained in Article 9. On appeal was a judgment of the District Court limiting the plaintiff's recovery for goods lost in transit pursuant to the limitations continued in Article 22 of the Warsaw Convention. The District Court found that the defendant had omitted from the first waybill a description of the method of packing and of the numbering of the packages, required pursuant to Article 8(h). Regarding the second waybill, the District Court found that the defendants had omitted the volume and dimensions of the cargo.

The Court of Appeals affirmed the District Court, holding that the omissions "were technical and insubstantial" and therefore did not preclude limitation of liability. *Exim*, 754 F.2d at 108. Citing the opinions of several foreign courts that had considered the preclusion of liability limitations under Article 9, the Court of Appeals held that the test of whether a carrier is precluded from claiming the liability limitations of Article 22 should be whether the omissions were of such commercial significance so as to prejudice the shipper, and that "only those particulars having practical commercial significance with respect to the shipment involved need be incorpo-

rated in the waybill." *Id.* (citations omitted).

In the instant case, Emery's waybill omitted the identification of the first carrier, the place of execution of the waybill, intermediate stopping places, and the dimensions or volume of the goods. The airbill listed the weight of the shipment as 222 kilograms. In *Exim*, the Court of Appeals rejected the argument that failure of a waybill to list the volume and dimensions of goods was of little commercial significance where the waybill listed the weight of the cargo. It further cited the decisions of foreign courts for the proposition that the requirement of Article 8(i) for a carrier to list weight, volume and dimensions of the goods was to be read disjunctively. *Exim*, 754 F.2d at 108 (citations omitted). Therefore, Emery's omission of the dimension or volume of the goods does not preclude it from claiming the limitation of liability provided in Article 22.

■ With respect to the omissions of the name of the carrier, the place of execution of the waybill and the intermediate stopping points, Maritime in its moving papers has not come forward with any facts showing that such omissions would be prejudicial to the shipper. Therefore, Maritime has not met his burden of showing the absence of any genuine issues of material fact for the purposes of a summary judgment motion.

Maritime cites *Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122, 109 S.Ct. 1676, 104 L.Ed.2d 113 (1989) for the proposition that where the text of the Warsaw Convention is clear, courts have no power to alter or amend the text so as to avoid application of the sanctions of unlimited liability contained in the treaty. As applied to the interpretation of Articles 8 and 9 of the Warsaw Convention, however, *Chan* has been held to be dictum. *Victoria Sales Corp. v. Emery Air Freight, Inc.*, 917 F.2d 705, 711 (2d Cir.1990) (Van Graafeiland, J., concurring in part and dissenting in part).

In *Chan*, the Court considered whether the carrier's failure to provide notice in 10–point type of limited personal injury recovery as required by the Montreal Agreement precluded the carrier from relying on the limitation for personal injury liability. The opinion held that the Warsaw Convention contained no sanction for failure to print the notice on 10–point type. Justice Scalia, writing for the majority, refused to "insert an amendment" in the Convention by adding a sanction that the Convention did not contain. *Chan*, 490 U.S. at 134, 109 S.Ct. at 1684. The opinion, in order to emphasize the difference between personal injury claims and claims for property damage, contrasted Section I (relating to personal injury), which does not contain a provision precluding the limitation of liability, with Sections II and III (relating to checked baggage and air freight, respectively), which contains such provisions.

The opinion did not, however, address the interpretation of the provision precluding the limitation of liability in the context of claims based on checked baggage or air freight, nor did the opinion address what omissions would constitute violations of Article 8. In sum, the opinion did not "attempt to reverse the traditional canon of liberal treaty construction that permits courts to go beyond the written words and look into 'the history of the treaty, the negotiations, and the practical construction adopted by the parties.' " *Victoria Sales*, 917 F.2d at 711 (Van Graafeiland, J., concurring in part and dissenting in part) (citing *Air France v. Saks*, 470 U.S. 392, 396, 105 S.Ct. 1338, 1341, 84 L.Ed.2d 289 (1985) (quoting *Choctaw Nation of Indians v. United States*, 318 U.S. 423, 431–32, 63 S.Ct. 672, 87 L.Ed. 877 (1943))).

Maritime cites two Court of Appeals opinions issued since *Chan, Buonocore v. Trans World Airlines*, 900 F.2d 8 (2d Cir. 1990) and *Victoria Sales, supra*, 917 F.2d at 705 for the proposition that since *Chan*, the Second Circuit has engaged in a strict construction of the Warsaw Convention. In *Buonocore*, the court considered whether a provision holding the carrier liable for injuries or accidents sustained "in the course of any of the operations of embarking" required holding the carrier liable for the death of a passenger in a terrorist attack that occurred in the airport's public

**130**

areas after the passenger had checked in but was waiting for the flight to board. The court declined to hold the carrier liable. In *Victoria Sales,* the question before the court was the construction of a provision in Article 18 extending the carrier's liability to any damage to bags or goods sustained during "transportation by air." The court held that the Warsaw Convention's limitations on liability extended to damage occurring anywhere within the airport, but not to damage occurring on the ground in an area outside the airport. Neither case considered the proper interpretation of Articles 8 and 9. Moreover, neither opinion engaged in a literal construction of the Warsaw Convention.

Nor does *Arkin v. New York Helicopter Corp.,* 149 A.D.2d 5, 544 N.Y.S.2d 343 (1st Dep't 1989), govern the question presented by the instant case. *Arkin* held that the defendant carrier was precluded from claiming limited liability under Article 4 of the Warsaw Convention relating to checked passenger baggage. In reaching this result, the court distinguished *Exim* on the grounds that that decision involved air freight, and not checked passenger baggage. *Arkin,* 544 N.Y.S.2d at 344. As the instant dispute concerns air freight governed by an air waybill, *Arkin* therefore does not apply.

As nothing in the cases decided since *Chan* indicates that the Court of Appeals has changed its position of a commercial-based interpretation of Articles 8 and 9 of the Warsaw Convention, summary judgment in the instant case is not required as a matter of law.

*Conclusion*

For the reasons set forth above, Maritime's motion for summary judgment is denied.

It is so ordered.