OPINION OF THE COURT
Bernard Fuchs, J.
In the course of a tourist class flight with defendant from New York to Acapulco, Mexico, and back, three of plaintiff’s bags were lost. One disappeared on the first leg of the journey and the other two during the return flight. All had been *307 checked with defendant. Plaintiff sues for the value of the bags and their contents.
Defendant’s responsibility for a loss of baggage appears to be undisputed. The real defense, rather, is that defendant’s liability is limited to $9.07 per pound of checked baggage multiplied by 44 pounds (the maximum free baggage allowance in tourist class) or about $400. The Warsaw Convention (49 US Stat 3014) is defendant’s principal reliance for this argument. Defendant also cites its tariff, filed with the Civil Aeronautics Board and its "contractual” rights under the language printed on the passenger ticket.
The combined "Passenger Ticket and Baggage Check” issued by defendant is in evidence. It provides space for recording the weight and number of pieces of checked and unchecked baggage. But nothing appears in that space.
The Warsaw Convention does, indeed, apply to this international flight as defendant contends. Article 18 (49 US Stat 3014, 3019) imposes liability on the carrier for "loss of * * * checked baggage * * * sustained * * * during the transportation by air” which is defined as "the period during which the baggage [is] in charge of the carrier”. And the carrier’s liability is limited by article 22 (49 US Stat 3014, 3019) to 250 francs per kilogram which defendant converts to $9.07 per pound.
The benefit of limited liability is, however, conditioned on the carrier’s compliance with article 4 of the convention (49 US Stat 3014, 3015). Subdivision (3) of that article requires that the "baggage check shall contain the following particulars: * * * (f) The number and weight of the packages”. Should the baggage check "not contain the particulars set out at * * * (f)” the consequence under subdivision (4) is that "the carrier shall not be entitled to avail himself of those provisions * * * which * * * limit his liability”. (49 US Stat 3014, 3016.)
The information required by article 4 (subd [3], par [f]) (49 US Stat 3014, 3015) does not appear on the passenger ticket and baggage check issued by defendant. Nor is any argument advanced that some other document which satisfies article 4 (subd [3], par [f]) is in fact the baggage check. Accordingly, defendant is liable for the lost baggage under article 18 (49 US Stat 3014, 3019), without limit of liability.
Local and Joint Passenger Rules Tariff P. R. 3, C. A. B. No. 55, Rule 25 (E) paraphrases the convention’s limitation of *308 liability and the passenger ticket incorporates it by reference. These provisions, viewed in isolation, conflict with the convention which,- in the present case, imposes unlimited liability. That superficial conflict is resolved, however, by the express language of both the tariff and the ticket. Each document is, in terms, subject to the convention. As stated in the ticket, "[cjarriage hereunder is subject to the rules and limitations relating to liability established by the Warsaw Convention”. (See, also, rule 24(A) and (B) of the tariff cited and rule 2(A): "Nothing in this tariff modifies or waives any provision of the Warsaw Convention.”)
This explicit subordination of both tariff and ticket to the convention is required by the convention itself. Article 23 (49 US Stat 3014, 3020) renders "null and void” any provision which fixes a "lower limit [of liability] than that which is laid down in this convention”. Conflicting tariffs and agreements cannot survive these provisions. The convention is a United States treaty and the supreme law of the land. (Rosman v Trans World Airlines, 34 NY2d 385; Stolk v Compagnie Nationale Air France, 58 Misc 2d 1008; see Cohen v Varig Airlines, 62 AD2d 324; Schedlymayer v Trans Int. Airlines, 99 Misc 2d 478.)
Plaintiff has testified to the cost and reasonable value of an array of new and used clothing and personal effects which were part of the lost baggage. The proven, reasonable value of the lost items is, in the court’s judgment, $1,102.50. (See Lake v Dye, 232 NY 209; Greenberg v United Airlines, 98 Misc 2d 544; 7B Warren, Negligence, ch 16, § 1.05.) Recovery may not, nevertheless, exceed $1,000, the limit of small claims jurisdiction and the amount plaintiff has demanded.
Judgment for plaintiff in the amount of $1,000, with costs and interest from August 15, 1979, the last date of loss.