**G. Hirsch GILL, Ph.D., Plaintiff,**

v.

**LUFTHANSA GERMAN AIRLINES, Defendant.**

**No. CV 84–4948.**

United States District Court, E.D. New York.

Nov. 5, 1985.

Dr. G. Hirsch Gill, Ph.D., pro se.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

On June 18, 1983, Dr. G. Hirsch Gill, Ph.D. arrived at JFK International Airport in Queens, New York to board Lufthansa German Airlines (Lufthansa) flight 401 to Frankfurt, Germany, connecting with flight 002 to Copenhagen, Denmark. Dr. Gill checked one suitcase and received a claim check for it. Nevertheless, at the gate as he attempted to board the plane a Lufthansa employee insisted that a bag Dr. Gill was carrying on board be checked. It is unclear why the employee insisted that the bag could not be carried on. Dr. Gill, a man well-prepared to match Lufthansa for precision and meticulousness, alleges that he ascertained Lufthansa's dimension limits for carry-on baggage and carefully selected a bag of the correct measurements. It may be that Dr. Gill had more than one

piece of carry-on luggage, but this is not clear. In any event, after Dr. Gill was refused boarding unless he checked the bag, he relinquished it to the airline. He did not receive a separate claim check for it, it was not weighed, and it was not marked as a second checked bag on his ticket.

The bag Dr. Gill was forced to check did not arrive with him in Copenhagen, Denmark. Instead, it was delivered some four hours later by SAS. It contained business documents and money and it is the gravamen of Dr. Gill's complaint that the four-hour delay scuttled his business deal in Copenhagen that day. Dr. Gill alleges that he had been working on the undescribed deal for some time, and this project was apparently the reason for his trip to Copenhagen. He claims actual damages of $6,200.00 and punitive damages of $43,-800.00 against defendant Lufthansa.

Lufthansa now moves for summary judgment limiting defendant's liability in accordance with the limitations on damages for delayed luggage set by Articles 19 and 22 of the Warsaw Convention, and awarding damages under the Convention's provisions. Specifically, Lufthansa maintains that under Article 22 of the Warsaw Convention damages must be fixed at $20.00 per kilogram for Dr. Gill's delayed baggage. Dr. Gill was so meticulous as to weigh the bag and alleges it weighed 9.45 kilograms. Lufthansa is willing to accept the alleged 9.45 kilogram weight and asks that judgment in plaintiff's favor be awarded in the amount of $189.00, that is $20.00 multiplied by 9.45 kilograms. Rule 56, Fed.R.Civ.P.

Plaintiff *pro se* opposes and maintains that the hand baggage that he surrendered at the gate did not gain the status of "checked baggage" under the Warsaw Convention, and his damages should not be limited under the Convention provisions.

## I.

The purpose of the Convention for the Unification of Certain Rules pertaining to International Transportation by Air, 49 Stat. 3000, T.S. No. 876, 49 U.S.C. § 1502, known as the Warsaw Convention, is to limit and render uniform airline liability in international transport. To this end, it sets out specific limits on recovery for death, injury, property damage, loss, and delay. While the Convention thus limits the risk to the airline, it also contains a presumption of carrier liability that works to the advantage of the passengers. *Husserl v. Swiss Air Transport Company, Ltd.*, 388 F.Supp. 1238, 1244–45 (S.D.N.Y.1975). In short, while the compensation received under the Convention may be less than an unrestricted jury award, the injured party has a presumption of liability in his favor.

In order for the Warsaw Convention to be binding on a passenger, the passenger must have notice. *Lisi v. Alitlia-Linee Aeree Italiane, S.p.A.*, 370 F.2d 508 (2d Cir.1966). That notice not only serves to make the passenger aware of the Convention and its effects, but gives him the opportunity to declare that the value of checked baggage is in excess of the standard limits and thereby to increase recovery under the Convention to the declared value. Warsaw Convention, Article 22(2). Of course, the airline is allowed to require payment of a supplementary sum to cover the excess value. Likewise, the passenger and airline can by special contract increase the passenger liability limit. *Id.*, Article 22(1).

Finally, the airline must satisfy certain conditions in order to avail itself of the Warsaw Convention's liability limits for checked baggage. *See Lisi v. Alitalia*, 370 F.2d 508. Article 4 addresses this clearly and directly by requiring that the carrier deliver a baggage check for checked items, that it issue the check in duplicate and that the baggage claim contain the following particulars:

(*a*) The place and date of issue;

(*b*) The place of departure and of destination;

(*c*) The name and address of the carrier or carriers;

(*d*) The number of the passenger ticket;

(*e*) A statement that delivery of the baggage will be made to the bearer of the baggage check;

(*f*) The number and weight of the packages;

(*g*) The amount of the value declared in accordance with article 22(2);

(*h*) A statement that the transportation is subject to the rules relating to liability established by this convention.

Warsaw Convention, Article 4(3).

Article 4 concludes:

(4) The absence, irregularity, or loss of the baggage check shall not affect the existence or the validity of the contract of transportation which shall none the less be subject to the rules of this convention. Nevertheless, if the carrier accepts baggage without a baggage check having been delivered, or if the baggage check does not contain the particulars set out at (*d*), (*f*) and (*h*) above, the carrier shall not be entitled to avail himself of those provisions of the convention which exclude or limit his liability.

The meaning of Article 4(4) is clear, if a carrier fails to give a passenger a claim check for checked baggage or gives a passenger a check that does not contain any of the three vital elements of the ticket number, notice of the Convention's applicability, and the number and weight of the items, the carrier cannot invoke the baggage liability limitations of the Convention. Sensibly, failure to conform to checked baggage regulations does not affect personal injury or death limitations, a distinction defendant's counsel might have missed.

 Dr. Gill had a claim check for the suitcase he voluntarily checked.[1] Arguably that check was sufficient to give notice of the Convention's applicability and meet the ticket number requirement. Lufthansa failed, however, to give Dr. Gill a second claim check for the hand baggage he was forced to check at the gate or, alternatively, to add the second bag and its weight to

the ticket or first claim check. It is plain that Lufthansa took charge of the baggage. It is also clear that failure to comply with the claim check requirements of Article 4 precludes summary judgment limiting defendant's liability as provided by Article 22 of the Warsaw Convention. *Hexter v. Air France*, 563 F.Supp. 932 (S.D.N.Y.1982); *Hill v. Eastern Airlines, Inc.*, 103 Misc.2d 306, 425 N.Y.S.2d 715 (N.Y.C.Civ.Ct. Kings County, Small Cl. Pt. 1980); *Schedlmayer v. Trans International Airlines*, 99 Misc.2d 478, 416 N.Y.S.2d 461 (N.Y.C.Civ.Ct.N.Y. County 1979).

## II.

Defendant counters with a case from the U.S. District Court for the District of Columbia, *Martin v. Pan American World Airways*, 563 F.Supp. 135 (D.D.C.1983). In that case the district court held that failure to record the weight of a bag, which was subsequently lost, was a technical and insubstantial omission that would not vitiate the liability limitations of the Convention. *Id.* at 140–41. That court also held that failure to attach a tag to a checked bag and refusal to correct the oversight was not willful misconduct by the carrier. *Id.* at 141. The Court first points out that the case is from a district court in another federal circuit and conflicts with the stricter reading of the Warsaw Convention by the courts in this circuit. While the *Martin* Court relies on a construction of the Convention by the U.S. Court of Appeals for the Second Circuit, the quoted language is not strictly apposite. In *Eck v. United Arab Airlines, Inc.*, 360 F.2d 804 (2d Cir. 1966), the Second Circuit concluded on the issue of *venue* that the relevant provision of the Warsaw Convention should be interpreted according to its purpose and not read literally. *Id.* at 811–12. The Second Circuit was not addressing liability in the section cited by the district court. Nonetheless, the district court adopted the *Eck* language in support of its interpretation of

---

**1.** This information is actually on the face of plaintiff's ticket, which defendant submitted as an unmarked exhibit.

the Convention's liability limitations. The Court concludes that the *Eck* case is not particularly instructive on the application of Article 4.

Moreover, the case of *Martin v. Pan Am*, 563 F.Supp. 135, is factually distinguishable from the case at bar. In *Martin* the plaintiff voluntarily checked her bag at a regular baggage checking station some time before boarding her flight. The court found that she had an opportunity to make an excess value declaration or buy extra insurance to cover the full value of the bag's contents, which she did not do. *Id.* at 141. That, according to the *Martin* Court, fulfilled the purpose of the Warsaw Convention and precluded any argument for allowing the plaintiff to recover the value of the bag's contents in excess of the Convention's limits. Dr. Gill had no such opportunity to declare excess value or obtain extra insurance protection. He was stopped at the boarding gate and allegedly not allowed to board unless he relinquished his bag to the airline. In fact, there are indications that the flight was slightly delayed while he argued with ground personnel over whether he should be permitted to carry the baggage on to the plane or must give it up for checking.

█ In any event, this Court concludes that the stricter interpretation of the Warsaw Convention is the better construction. The language should be given its plain meaning and effect. Article 4 is straightforward. Nor is it overly demanding. Only three elements on the claim check are absolutely required to preserve liability limitations: notice, ticket number, and number and weight of the bags. Warsaw Convention, Article 4(4). Loss of the check and the absence of the other required data do not vitiate the limitations. In view of the fact that the Warsaw Convention limits the carrier's liability and shifts a greater part of the responsibility and risk to the passenger, it is not unreasonable or overly technical to require the carrier to comply with the minimum requirements plainly set out by the Convention. And certainly, last minute actions by the airline that deprive a passenger of his opportunity to take self-protective measures do not satisfy the purpose of the Convention. *Lisi v. Alitalia*, 370 F.2d at 512–13.

## III.

The Court concludes that there remain genuine issues of material fact as to the airline's liability and the applicability of the Warsaw Convention limitations. Lufthansa's liability is not, as a matter of law, limited by the Warsaw Convention. It may be that defendant can prove facts at trial that will allow Lufthansa to limit its liability to that provided by Article 22(2) of the Warsaw Convention. The issue, however, is not an appropriate one for summary judgment at this juncture. Accordingly, defendant's motion for summary judgment is denied.

## IV.

Dr. Gill is a citizen of New Jersey. This action was denominated a Long Island case under the Local Rules because Lufthansa's headquarters are located on the island. Lufthansa's counsel, however, is located in New York City. Dr. Gill requests that this case be assigned to a judge in the Brooklyn Courthouse, as travel from New Jersey to the Uniondale Courthouse is long and difficult. Defendant's counsel does not oppose. Accordingly, the Clerk of the Court is directed to reassign this case at random to a judge who sits in the Brooklyn Courthouse.

SO ORDERED.