Charalambos VEKRIS, Plaintiff,

v.

**PEOPLES EXPRESS AIRLINES, INC.,**
Continental Airlines, Inc., and
Brocklehurst Aviation, Defendants.

87 Civ. 1966 (JMW).

United States District Court,
S.D. New York.

Aug. 25, 1988.

Peter K. Vetro, Gallagher & Gosseen, Mineola, N.Y., for defendants Peoples Exp. Airlines, Inc. and Continental Airlines, Inc.

Steven Fearson, Condon and Forsyth, New York City, for defendant Brocklehurst Aviation.

Robert G. Spevak, New York City, Hinckley and Silbert, New York City (Michael P. Barnes, Nw York City, on brief), for plaintiff Vekris.

WALKER, District Judge:

This case involves the applicability of the Warsaw Convention's limitation on airline liability for lost baggage (the "Convention"), where defendant Peoples Express Airlines, Inc. ("Peoples") neglected to follow the strict provisions of Article 4 of the Convention, concerning proper preparation of baggage checks.[1] Plaintiff Charalambos Vekris seeks $45,000 damages for the loss of a cardboard tube containing his original artwork which he checked as baggage before boarding a Peoples international flight at Newark, New Jersey. Peoples counters that its liability is limited by the Convention to $9.07 per pound.

Plaintiff now moves for partial summary judgment, pursuant to Fed.R.Civ.P. 56, striking Peoples' defense of limited liability, on the grounds that Peoples failed to comply with the requirements of Article 4 of the Convention. Defendants cross-move for summary judgment dismissing the action in its entirety or, in the alternative, for partial summary judgment limiting liability for the loss to $453.50.

## BACKGROUND

On August 25, 1986, plaintiff flew Peoples Flight No. 002, from Newark, New Jersey to London, England. Prior to boarding the plane, plaintiff checked two pieces of personal property consisting of a canvas suitcase and a cardboard tube. Plaintiff was issued a baggage claim stub for each piece. Plaintiff alleges that Peoples did not weigh the bags, write plaintiff's ticket number on either claim check, or write the number of bags on either claim check.

Upon arrival in London, plaintiff's canvas suitcase was returned; however, the cardboard tube was not returned, and has never been returned to plaintiff. Discovering that the cardboard tube was lost, plain-

---

1. The Convention is codified at 49 U.S.C.App. Section 1502. Peoples' corporate successor is defendant Continental Airlines, Inc. The claims against defendant Brocklehurst Aviation were dismissed without prejudice.

tiff filed a written claim of loss with Peoples.

Plaintiff alleges that he traveled to London to meet with and deliver the paintings to his art dealer, who had arranged a show of his paintings at a London art gallery. As a result of the loss of the paintings, plaintiff alleges he was forced to stay in a London hotel for a week while Peoples searched for the tube which was never found. Plaintiff seeks to recover $45,000, the alleged value of the paintings, plus consequential and punitive damages.

## DISCUSSION

### A. *Standard for Summary Judgment*

The Federal Rules authorize summary judgment where "there is no genuine issue as to any material fact and [where] the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Thus, in considering a motion to dismiss, the court's responsibility is "to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986),

*cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

### B. *Motion to Strike Peoples' Defense*

The Warsaw Convention, to which the United States is a signatory, is a valid and effective treaty of the United States, limiting the liability of air carriers for the loss of baggage on international flights.[2] Both parties admit that the flight at issue was an international flight and subject to the terms of the Convention.[3]

In order to enjoy the protections of Article 22(2), a carrier must take specific steps with respect to baggage checks. Article 4(3) requires a baggage check issued to a passenger to contain, *inter alia*, the number of the passenger's ticket,[4] the number and weight of the packages the passenger is checking,[5] and a statement that the flight is subject to the rules relating to liability established by the Warsaw Convention.[6] Article 4 further provides that "if the baggage check does not contain the particulars [listed] above, the carrier shall not be entitled to avail himself of those provisions of the convention which exclude or limit his liability." [7]

Plaintiff alleges, and defendants do not dispute,[8] that the baggage checks issued to him by Peoples did not contain the number and weight of the packages as required by Article 4(3)(f).[9] Plaintiff argues that Peo-

---

**2.** Article 22(2) states:

In the transportation of checked baggage and of goods, the liability of the carrier shall be limited to a sum of 250 francs per kilogram, unless the consignor has made, at the time when the package was handed over to the carrier, a special declaration of the value at delivery and has paid a supplementary sum if the case so requires. In that case the carrier will be liable to pay a sum not exceeding the declared sum, unless he proves that the sum is greater than the actual value to the consignor at delivery.

49 U.S.C.App. § 1502 note.

**3.** Defendants' Statement Pursuant to Local Rule 3(g), at 1, and Plaintiffs Statement Pursuant to the Local Rule 3(g) of the Southern District of New York, at 1.

**4.** 49 U.S.C.App. § 1502 note, Article 4(3)(d).

**5.** *Id.* at Article 4(3)(f).

**6.** *Id.* at Article 4(3)(h).

**7.** *Id.* at Article 4(4).

**8.** *See* Defendants' statement pursuant to Local Civil Rule 3(g).

**9.** Plaintiff also contends that the baggage checks did not contain a statement that the airline's liability was subject to the limitations set by the Convention, and the number of plaintiff's airline ticket. The notice on the back of plaintiff's airline ticket states: "Carriage hereunder is subject to the rules and limitations relating to liability established by the Warsaw Convention...." An additional notice states that the liability limit under the Convention is approximately $9.07 per pound for checked baggage. Since this information regarding the Convention's applicability is actually on the plaintiff's ticket, and since the plaintiff's ticket number was actually printed on the ticket, this was sufficient to give notice of the Convention's applicability as well

ples' failure to strictly comply with the requirements of Article 4(3)(f) should bar application of the liability limitations to the loss. Plaintiff points to the plain language of the Convention as well the considerable authority holding that failure to comply with the strict baggage check requirements of Article 4 precludes application of the Convention's liability limitations. *See e.g., Gill v. Lufthansa German Airlines*, 620 F.Supp. 1453 (E.D.N.Y.1985) (failure to comply with the check requirements of Article 4 precludes application of the Warsaw Convention's liability limitations as a matter of law); *Hexter v. Air France*, 563 F.Supp. 932 (S.D.N.Y.1982); *Maghsoudi v. Pan American Airways, Inc.*, 470 F.Supp. 1275, 1278 (D. Hawaii 1979) (failure to record weight of plaintiff's baggage on the claim check prevented court from applying the relevant liability limitation of the Convention without disregarding one of the treaty's prerequisites for its application); *Kupferman v. Pakistan International Airlines*, 108 Misc.2d 485, 438 N.Y.S.2d 189, 192 (N.Y.Civ.Ct.1981) ("An examination of plaintiff's passenger tickets and baggage checks indicates non-compliance with Article 4(3)(f). Clearly, [the airline's] liability is not subject to Article 22(2) of the Warsaw Convention."); *Hill v. Eastern Airlines, Inc.*, 103 Misc.2d 306, 425 N.Y. S.2d 715, 716 (N.Y.Civ.Ct.1980) ("The information required by Article 4(3)(f) does not appear on the passenger ticket and baggage check issued by defendant.... Accordingly, defendant is liable for the lost baggage under Article 18, without limit of liability.").

Defendants contend that courts need not interpret the Convention's provisions literally. They urge reliance on such cases as *Exim Industries, Inc. v. Pan American World Airways, Inc.*, 754 F.2d 106 (2d Cir. 1985); *Eck v. United Arab Airlines*, 360 F.Supp. 804 (2d Cir.1966); *Republic National*

*Bank of New York v. Eastern Airlines*, 639 F.Supp. 1410 (S.D.N.Y.1986), *aff'd*, 815 F.2d 232 (2d Cir.1987); *Martin v. Pan American World Airways, Inc.*, 563 F.Supp. 135 (D.D.C.1983). Under the particular circumstances of the cases cited, the courts rejected a literal interpretation of Article 4, and held that the liability limitations did apply. Those cases are all distinguishable from the instant case, however.

In *Exim Industries*, an airline lost two shipments of silk blouses en route from India to New York. Although the air waybill for the lost shipments failed to comply with subsections (h), (i), and (q) of Article 8,[10] the Second Circuit held that the airline's liability would be limited by the terms of the Convention. The Court reasoned that the omissions were merely technical, did not prejudice the shipper, and were of little commercial significance.

In *Republic National*, the Second Circuit affirmed the district court's application of *Exim* to Article 4 baggage checks. However, the court limited this application to cases involving commercial shippers rather than typical airline passengers.[11] Although defendants contend that plaintiff is an experienced international traveler, plaintiff is not a commercial shipper. Unlike the plaintiff in *Republic National*, who operated a currency courier service and had travelled on over 250 such flights, plaintiff was travelling to London carrying six of his own canvases. The Court concludes that the Second Circuit's extension of *Exim* is inapplicable to the circumstances of this case.

Defendants also urge the Court to adopt the reasoning of *Martin v. Pan American World Airways, Inc., supra*, a decision of the District Court of the District of Columbia, in which the court rejected a literal interpretation of Article 4 in a case involving a typical airline passenger. The court

as the ticket number requirement. *Gill v. Lufthansa German Airlines*, 620 F.Supp. 1453, 1455 (E.D.N.Y.1985); *Republic National Bank of New York v. Eastern Airlines*, 639 F.Supp. 1410, 1415 (S.D.N.Y.1986).

**10.** Article 8 concerning waybills is comparable to Article 4 for baggage checks.

**11.** "[W]e hold that where, as here, the traveler is more like a commercial shipper than the typical airline passenger, our analysis in *Exim* applies to claims brought under Article 4 of the Warsaw Convention." 815 F.2d at 237.

held that the purposes of Article 4's requirements were not undermined by the failure of the airline to note the weight of the bags on each baggage check. 563 F.Supp. at 140–141. Considering this omission merely technical and insubstantial, the court concluded that the liability limitations of the Convention should apply.

However, courts in this Circuit and of New York State, when applying the Convention to cases involving typical airline passengers, have interpreted the Convention more strictly. In *Gill v. Lufthansa German Airlines,* 620 F.Supp. 1453 (E.D. N.Y.1985), for example, the court expressly rejected the *Martin* holding, reasoning that:

> [t]he language should be given its plain meaning and effect. Article 4 is straight forward. Nor is it overly demanding. Only three elements on the claim check are absolutely required to preserve liability limitations: notice, ticket number, and number and weight of the bags. Warsaw Convention, Article 4(4). Loss of the check and the absence of the other required data do not vitiate the limitations. In view of the fact that the Warsaw Convention limits the carrier's liability and shifts a greater part of the responsibility and risk to the passenger, it is not unreasonable or overly technical to require the carrier to comply with the minimum requirements plainly set out by the Convention.

620 F.Supp. at 1456; *see also, Kupferman,* 438 N.Y.S.2d at 192; *Hill,* 425 N.Y.S.2d at 716. *Cf., Maghsoudi,* 470 F.Supp. at 1279 (D. Hawaii 1979) ("because the Warsaw Convention was drafted with a bias in favor of the air carriers, this Court is reluctant to ignore the clear language of the treaty ... without a compelling justification for doing so.").

The Court agrees that in cases involving non-commercial airline passengers, Article 4 should be interpreted literally. Travelers must be notified of the exact weight of their baggage so that they will know the limit of the airline's liability. Since the effect of the Convention is to keep the liability of the airlines artificially low, it is not unreasonable to require that carriers comply with the strict requirements of Article 4 before availing themselves of the liability limits.

Accordingly, the Court grants plaintiff's motion for partial summary judgment striking defendant's defense of limited liability, and denies defendants' cross-motion for partial summary judgment limiting Peoples' liability to $453.50.

### C. *Defendants' Summary Judgment Motion*

■ Defendants also move for summary judgment to dismiss the action in its entirety. Defendants contend that the cardboard tube containing plaintiff's paintings does not constitute "baggage", and that therefore defendants are not liable for the tube's loss. The Court denies defendants' motion.

As a direct air carrier, Peoples is required to file with the Department of Transportation a tariff which "constitute[s] the contract of carriage between [Peoples] and their passengers and, if valid, conclusively and exclusively govern[s] the rights and liabilities between the parties," *Mao v. Eastern Air Lines Incorporated,* 310 F.Supp. 844, 846 (S.D.N.Y.1970), to the extent that such provisions do not conflict with the terms of the Convention.[12]

Article 1(1) of the Convention provides that "[t]his convention shall apply to all international transportation of persons, baggage, or goods performed by aircraft for hire." Because the term "baggage" is not defined in the Convention, it is undisputed that the definition of "baggage" in Peoples' tariff applies. The parties differ, however, on what that definition is.

Defendants argue that Rule No. 10(c) of the tariff defines "baggage," and thus limits their liability for loss of or damage to items included therein. Rule No. 10(c) provides in relevant part the following:

> Acceptance—Carrier will accept as baggage such personal property as is necessary or appropriate for the wear, use, comfort, or convenience of the passenger

12. 49 U.S.C.App. § 1373.

and not intended for sale to other persons. . . .

Defendants assert that since plaintiff's paintings were intended for sale, they were not "baggage" for which defendant is responsible. The Court rejects this argument.

Rule 10(c) does not define the term "baggage." It merely states which items the carrier agrees to accept as baggage. The rule does not preclude Peoples from accepting other items as baggage, such as plaintiff's goods, although admittedly intended for resale. The definition of "baggage" in the tariff is set forth in Rule No. 1, the tariff's definition section, as follows:

Baggage means all luggage whether carried by the passenger in the cabin or carried in the cargo compartments. The following articles when carried by the passenger in the passenger cabin will not be considered as baggage:

1. coats and wraps

2. briefcases and portfolios; and

3. pocketbooks, handbags or purses.

Rule 1 also defines the term "checked baggage" as follows:

*Checked Baggage* means baggage of which the carrier takes sole custody and for which the carrier has issued a baggage claim tag.

In the instant case, plaintiff alleges that Peoples fully discussed with plaintiff the contents of the cardboard tube containing plaintiff's paintings, and that Peoples issued a baggage claim check for the tube. Moreover, in issuing the claim check, Peoples obtained from plaintiff a release from liability for any damage "which results solely from the unsuitability of such items as baggage or the inadequacy of their packaging," but "not from the carrier's failure to exercise the ordinary standard of care." [13]

While Peoples might have refused to accept the paintings as baggage pursuant to Rule 10(c)'s terms, the fact is that it did not do so. Having accepted the paintings for transit and having treated them as baggage, Peoples may not now claim that the paintings were not baggage.

Under these circumstances, the Court holds the paintings to have been within the term "baggage," as defined by the tariff and Peoples' own conduct. In any event, where plaintiff relied upon Peoples' treatment of the paintings as baggage to his detriment, the doctrine of equitable estoppel bars defendant from asserting *post hoc* a disclaimer of the paintings as baggage.

### Conclusion

Plaintiff's motion for partial summary judgment striking defendants' defense of limited liability is granted. Defendants' motion for partial summary judgment limiting defendants' liability to $453.50 is denied.

Defendants' motion for summary judgment on the ground that the paintings were not baggage is denied.

SO ORDERED.

---

13. Peoples' tariff, Rule 11.