239 N.J. Super. 105 (1989)
570 A.2d 1040
LESSIE HILL AND CAROLYN HILL, PLAINTIFFS,
v.
AMERICAN AIRLINES, INC., DEFENDANT.
Superior Court of New Jersey, Law Division Essex County, Special Civil Part.
Decided September 27, 1989.
*106 Lessie Hill, plaintiff, pro se.
Kevin Haas, for defendant (Shanley & Fisher, attorneys).
FAST, J.S.C.
Defendant American Airlines, Inc. moved for summary judgment in this action in which plaintiffs allege that defendant lost plaintiffs' luggage on a round-trip flight between Kennedy Airport, New York, and Montego Bay, Jamaica. The basis for the motion was that the Warsaw Convention limits defendant's liability for lost luggage to a maximum of $9.07 a pound ($20 a kilogram) and that since plaintiffs, admittedly, did not know the weight of the lost luggage, there was no basis upon which damages could be calculated, and that therefore, the claim must be dismissed as a matter of law. Plaintiffs produced their "claim checks" in opposition to the motion. There was no notation of the weight thereon, nor elsewhere on any ticket or the like given to plaintiffs by American. The inference from the production of the claim checks is that the luggage was given to a person or persons who did not present the claim checks that should have been required for this luggage, or that *107 defendant must account for the luggage otherwise. The loss of the luggage was not denied by defendant.
In the foregoing context, the issue is whether the complaint must be dismissed based on the Warsaw Convention where plaintiffs cannot prove the weight. I resolve this issue in favor of plaintiffs and deny the requested summary judgment.
The Warsaw Convention, officially entitled "Convention for the Unification of Certain Rules Relating to International Transportation by Air" became effective in the United States on October 29, 1934. It is cited as 49 Stat. 3000; T.S. 876; 49 U.S.C.A. 1502 note. The convention gives the passenger the benefit of a presumption of liability of the air carrier for the loss or destruction of, or damage to, baggage checked for international travel. Maghsoudi v. Pan American World Airways, Inc., 470 F. Supp. 1275 (D.Hawaii, 1979).
Article 18 provides:
(1) The carrier shall be liable for damage sustained in the event of the ... loss of ... any checked baggage ... if the occurrence which caused the damage so sustained took place during the transportation by air. [Emphasis supplied]
Section 2 of that article defines the phrase "transportation by air" to include "the period during which the baggage or goods are in charge of the carrier."
Articles 19 and 20 provide for the avoidance of what would have been absolute liability for the loss in circumstances not relevant to this action. Because of that possible avoidance of absolute liability, art. 18, § 1 is considered to have raised a presumption of liability, or in other words, absolute liability under certain circumstances.
The "trade off" for the benefit to the international traveler of a presumed liability was that international air carriers were given the benefit of a limit to the extent of their liability (i.e., the quantum of damages) for those losses.
However, that benefit to the carriers was conditioned upon the carrier satisfying certain requirements as follows, as material:
*108 1) delivery of a baggage check, sec. II, art. 4, (1),
2) a statement that delivery of the baggage will be given to the bearer of the check, sec. II, art. 4, (3)(e), and
3) the number and weight of the packages, sec. II, art. 4, (3)(f).
The potency of the conditions contained in sec. II, art. 4 is found in sec. II, art. 4(4):
The absence, irregularity, or loss of the baggage check shall not affect the existence or the validity of the contract of transportation which shall none the less be subject to the rules of this convention. Nevertheless, if the carrier accepts baggage without a baggage check having been delivered, or if the baggage check does not contain the particulars set out at (d), (f) and (h) above, the carrier shall not be entitled to avail himself of those provisions of the convention which exclude or limit his liability. [Emphasis supplied]
My research has disclosed no case in New Jersey relating to this issue. Cases in other jurisdictions differ as to the significance of the carrier's non-compliance with the conditions required by the convention. Besides Maghsoudi v. Pan American World Airways, Inc., supra, see the collection of cases in Vekris v. Peoples Exp. Airlines, Inc., 707 F. Supp. 675, 677-678 (S.D.N.Y. 1988) also exempting the passenger from the limitation of liability. One of the cases cited in Vekris is Martin v. Pan American World Airways, Inc., 563 F. Supp. 135 (D.D.C. 1983). Martin upheld the limitation of liability notwithstanding the failure of the carrier to note the weight of the lost baggage.
Martin refers to the weighing of the baggage as a "record keeping provision of the Convention." I fail to find that the provision is merely a technical record keeping provision because: 1) it cannot be a matter of record keeping if the carrier fails to weigh the baggage to keep the record, and 2) if the weight is put on the passenger's claim check, what kind of record would that constitute anyway?
Martin also stated that "If this court adopted plaintiff's argument, it would disrupt the balance of economic risks set forth in the Convention." Id. at 141. This argument overlooks the contrary policy consideration that, if there is going to be an *109 economic loss, it should be borne by the party in control of the risk. Here, control of the risk is in the airline in two regards: 1) the airline could limit its liability by complying with the conditions as stated in the convention, and that is exclusively within the power of the airline, and 2) the airline has exclusive control over the handling and delivery of the baggage. Although a passenger may overcome the limitation of liability (where the carrier complies with the conditions of the convention) by insuring the baggage for an amount in excess of the limitation, that does not have as great a policy consideration because it does not relate to the two core issues of control listed above. To put it otherwise, the convention speaks to control of the baggage and the expressed conditions required to limit liability; reference to insurance in article 22(2) relates to insurance where the value is in excess of that resulting from the weight of the baggage. Without the weight of the baggage, the policy consideration of insurance in excess of the weight is not a weighty policy factor.
Because the carrier issued a baggage check not containing the particulars required by the convention, including the weight of the baggage, the carrier is not entitled to avail itself of the limitation of its liability.
The motion for summary judgment in favor of defendant is denied.