244 N.J. Super. 48 (1990)
581 A.2d 532
MARIO LOURENCO AND PATRICIA LOURENCO, PLAINTIFFS,
v.
TRANS WORLD AIRLINES, INC., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 20, 1990.
*50 Krueger, Schnirman, Charney & Kahn, Christopher M. Howard, for Plaintiffs, Mario Lourenco and Patricia Lourenco, h/w (Christopher M. Howard, on the Brief).
Shanley & Fisher, P.C., John D. Clemen, for Defendant (John D. Clemen and Kevin M. Haas, on the Brief).

OPINION
DeSTEFANO, J.S.C.
Plaintiffs were passengers on T.W.A. They claim that $9,232.59 worth of jewelry and other valuables is missing from their luggage. Defendant's motion limiting its liability pursuant to the Warsaw Convention is granted. This Court disagrees with the only reported New Jersey decision, Lessie Hill v. American Airlines, Inc., 239 N.J. Super. 105, 570 A.2d 1040 (Law Div. 1989).
On January 24, 1988 plaintiffs and their two minor daughters were passengers on T.W.A. Flight 33 from Nassau, Bahamas to J.F.K. Airport in New York City. The Flight was canceled due to technical difficulties. The Lourencos and their children were later flown to Miami, Florida on Bahamas Air. The group then boarded a Pan American flight to J.F.K.
Their luggage, last seen in Nassau, was shipped separately and lost. It was delivered to plaintiffs' home three days later. Plaintiffs allege the luggage was broken into and that $9,232.59 worth of jewelry and other valuables is missing.
Plaintiff, Mario Lourenco, is an employee of T.W.A. Neither he nor his wife made a special declaration of value concerning the contents of their luggage. Plaintiffs did not request special *51 handling of the baggage or purchase special insurance covering the full value of their possessions.
Defendant's Civil Aeronautics Board (CAB) Tariff provides that the weight of a passenger's checked baggage shall be deemed the maximum allowable weight for each piece of baggage, 70 lbs. per bag, unless the actual weight is stated on the baggage check. Defendant did not state the weight and number of pieces of luggage on plaintiffs' ticket or baggage check. The total weight of the items missing is stipulated as less than (50) fifty pounds.
T.W.A. argues that its liability is limited by the Warsaw Convention.[1] Reprinted at 49 Stat. 3000; 49 U.S.C. Section 1502 note. The Convention is an international treaty that limits the liability of airlines for death, injury, property damage or loss and delay. It applies to all international transportation of persons, baggage or goods performed by aircraft for hire. Art. 1. The carrier is liable for loss or damage to any checked baggage occurring during transportation by air, including the period baggage is in charge of the carrier whether in an airport or on an aircraft. Art. 18. Liability is limited to $9.07 per pound of lost baggage,[2] except in cases of willful misconduct.[3] *52 The parties agree the baggage was in international flight and is governed by the Warsaw Convention.
In return for limited liability, the air carrier is presumed liable to a passenger unless the carrier can show that it had taken all necessary measures to avoid damages, or that it was impossible for it to take such measures. Trans World Airlines v. Franklin Mint Corp., 466 U.S. 243, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984) rehearing denied 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885; Lowenfield and Mendleson, "The United States and the Warsaw Convention," 80 Harvard Law Review 497 (1967).
The Convention permits an airline to limit its liability if the provisions of Article 4 are complied with. Article 4 of the Convention states:
(1) For the transportation of baggage, other than small personal objects of which the passenger takes charge himself, the carrier must deliver a baggage check.
(2) The baggage check shall be made out in duplicate, one part for the passenger and the other part for the carrier.
(3) The baggage check shall contain the following particulars:
(a) The place and date of issue;
(b) The place of departure and of destination;
(c) The name and address of the carrier or carriers;
(d) The number of the passenger ticket;
(e) A statement that delivery of the baggage will be made to the bearer of the baggage check;
(f) The number and weight of the packages;
(g) The amount of the value in accordance with Article 22(2);
(h) A statement that the transportation is subject to the rules relating to liability established by this convention.
(4) The absence, irregularity, or loss of the baggage check shall not affect the existence or the validity of the contract of transportation which shall none the less be subject to the rules of this convention. Nevertheless, if the carrier *53 accepts baggage without a baggage check having been delivered, or if the baggage check does not contain the particulars set out at (d), (f), and (h) above, the carrier shall not be entitled to avail himself of those provisions of the convention which exclude or limit his liability.
The Warsaw Convention is binding on a passenger, if the passenger has notice of its provisions. Notice, ordinarily printed on the airline ticket, gives the passenger an opportunity to declare that the value of his baggage is in excess of standard limits. The passenger can then pay a supplementary fee to cover the excess and increase his potential recovery to the declared value. Art. 22; Gill v. Lufthansa German Airlines, 620 F. Supp. 1453 (D.C.N.Y. 1985). The passenger is also free to make a special contract with the airlines or purchase insurance. Gill v. Lufthansa, supra.
Plaintiffs received written notice of the Convention's applicability. The defendant did not however, write down on the baggage check the number of pieces or weight of plaintiffs' luggage as required by subsection (3)(f) of Art. 4. The parties agree that defendant complied with all other provisions of Art. 4.
What are the consequences to an airlines if it does not strictly comply with subsection (3)(f) of Art. 4? The cases demonstrate a considerable split in authority.
The Courts in the State of New York generally hold that when the claim check or ticket does not indicate the number and weight of the packages, the carrier cannot avail itself of the limitation provisions of Art. 22 of the Convention. Arkin v. New York Helicopter Corp., 149 A.D.2d 5, 544 N.Y.S.2d 343 (1989); Cohen v. Varig Airlines, 88 Misc.2d 998, 390 N.Y.S.2d 515 (1976); Kupferman v. Pakistan Airlines, 108 Misc.2d 485, 438 N.Y.S.2d 189 (1981); Hill v. Eastern Airlines, Inc., 103 Misc.2d 306, 425 N.Y.S.2d 715 (1980).
The leading case is Arkin v. New York Helicopter, supra. Stanley Arkin's luggage was checked at the British Airways Terminal. Mr. Arkin made it to London, his baggage did not. *54 The Court strictly construed the requirements of the Convention. The Appellate Division reasoned that the Airlines can easily limit their liability by delivery of a baggage check and rigid compliance with the particulars of subsections (3)(d), (f) and (h) of Art. 4.
There are Federal decisions in accord. Gill v. Lufthansa German Airlines, 620 F. Supp. 1453 (D.C.N.Y. 1985); Maghsoudi v. Pan American Airways, Inc. 470 F. Supp. 1275 (D.Hawaii, 1979).
In Maghsoudi v. Pan American Airways, Inc., supra, Mr. Maghsoudi was travelling to Tehran, Iran, by way of Honolulu, San Francisco and London. He was bringing a master tape recording to Iran for record production. Somewhere between London and Teheran the suitcase and tape were lost. Neither the plaintiff's ticket nor baggage claim check mentioned the weight of his luggage. Plaintiff sued for $100,000. The Court strictly interpreted Art. 4, and denied defendant's motion for partial summary judgment limiting liability. The Court said the Warsaw Convention was drafted with a bias in favor of the air carriers. The Court expressed reluctance to relieve a carrier from the technical requirements of the Convention.
In Gill v. Lufthansa, supra, Dr. D. Hirsch Gill was travelling to Copenhagen, Denmark on business. His bag, containing important business documents, arrived four hours late. The delay allegedly scuttled his unspecified business deal. Lufthansa gave Dr. Gill a claim check for only one of his two bags. The defendant did not add the weight of the second bag to the first claim check. The Gill Court strictly interpreted the requirements of Art. 4 and denied Lufthansa's motion to limit liability. The Court reasoned that Dr. Gill was denied the opportunity to declare excess value or obtain extra insurance protection on the second bag.
The weight of federal authority however, holds that the carrier's failure to record the number and weight of a passenger's luggage is a technical and insubstantial omission. Exim *55 Industries, Inc. v. Pan American World Airways, 754 F.2d 106 (2d Cir.1985); Abbaa v. Pan American World Airways, Inc., 673 F. Supp. 991 (D.Minn. 1987); Republic National Bank of New York v. Eastern Airlines, supra; The Hartford Insurance Company v. Trans World Airlines, Inc., supra; Martin v. Pan American World Airways, Inc., supra.
In Exim v. Pan American, supra, the Airline conceded that it lost two shipments of Indian silk blouses worth $80,000.00 belonging to Exim Industries. The airway bills, required by Art. 8 of the Convention, did not mention the method of packing, the value or dimensions of the goods. A statement that the shipment was subject to the rules established by the Convention was missing as well. The Court held that these omissions were technical, insubstantial and of little commercial significance because the shipment rate was based on weight figures that Exim provided.
In Abbaa v. Pan American, supra, Mr. Abbaa lost personal luggage and soccer equipment valued at $15,728.00 in transit to Lagos, Nigeria. Defendant conceded the loss, but argued that damages should be limited to $634.90 per bag (70 lbs. X $9.07) or a total of $3,175.50 for five (5) bags. The Airline failed to include the number and weight of packages on the baggage check. The Court held the failure was technical, and did not prejudice the claimant. The Court observed that Mr. Abbaa knew the approximate weight of the baggage shipped and neglected to declare excess value on the shipment or obtain insurance.
In Republic National Bank of New York v. Eastern Airlines, supra, the plaintiff alleged that defendant lost a canvas bag containing $2,000,000 in United States currency. Republic had checked the bag on an Eastern flight from New York to Lima, Peru. Eastern failed to record the weight of the bag on a limited release form. Plaintiff made no special declaration of value concerning the contents of the bag. The Court found *56 that plaintiff was on notice of the provisions of the Warsaw Convention and limited the carrier's liability.
The Court in Republic cited with approval the holding in Martin v. Pan American World Airways, Inc., 563 F. Supp. 135 (D.D.C. 1983). Both decisions noted that there were two reasons for requiring a carrier to indicate the weight of the baggage on a claim check.
First, it fixes the amount of the carrier's liability if the baggage is lost, thereby affording the passenger a definite basis on which to recover damages.... .
Second, it enables the passenger to calculate the carrier's potential liability for loss of the baggage by multiplying the weight of the bag by the Convention's liability limitation of $9.07 per pound. By making this computation the passenger can decide whether he should purchase insurance for his baggage.
Republic National Bank of New York v. Eastern Airlines, supra at 1415.
Both Republic and Martin held that neither of these purposes was undermined by the carrier's failure to record the weight of the baggage on the passenger's claim check. The Court stated:
"the carrier's liability could be fixed by reference to a tariff the carrier had on file with the CAB that provided that unless the actual weight was stated on the baggage check, the weight of the baggage for the purposes of determining liability under the Convention would be deemed to be maximum allowable weight."
Republic National Bank of New York v. Eastern Airlines, supra at 1416.
Both Courts observed that the passengers were aware of the Warsaw Convention's limitations of liability, the approximate weight of their baggage, and presumably knew if there were expensive items in their luggage. The Courts concluded that the passengers had sufficient information to make a decision if they wanted to purchase insurance.
In Martin v. Pan American World Airways, Inc., supra, one of plaintiff's three bags was lost en route to Buenos Aires. The lost bag allegedly contained clothes, perfume and jewelry worth approximately $16,000. Plaintiff claimed that Pan Am *57 negligently failed to tag or weigh her luggage. Pan Am sought the protection of the Warsaw Convention.
The Court limited Pan Am's liability pursuant to the Warsaw Convention. The Court stated that,
"it is well understood by air travellers that separate insurance is available to cover the risks of loss of luggage.... . Martin could elect to take the risk of excess damage, or she could insure. Insurance charges are nominal. She chose not to insure."
Martin v. Pan American, supra at 141.
The Court concluded that it was not important that plaintiff failed to take out insurance, rather that she knew the liability limits and had an opportunity to do so. The Court further observed that the airline is under an obligation to transport luggage and is strictly liable for loss. The Convention in return has limited the airline's liability. The Court stated "if this Court adopted plaintiff's argument it would disrupt the balance of economic risk set forth in the Convention. The Court declines to do so." Martin v. Pan American, supra at 141.
In Lessie Hill v. American Airlines, supra, the defendant lost plaintiff's luggage on a round trip flight between Kennedy Airport and Montego Bay, Jamaica. The defendant neglected to include the weight of the baggage on the plaintiff's baggage check. The Court held that the defendant was not entitled to limit its liability pursuant to the Warsaw Convention. The Court reasoned that, "if there is going to be an economic loss, it should be borne by the party in control of the risk. Here, control of the risk is in the airline in two regards:
(1) The airline could limit its liability by complying with the conditions as stated in the Convention, and that is exclusively within the power of the airline, and
(2) The airline has exclusive control over the handling and delivery of the baggage."
Lessie Hill v. American Airlines, Inc., supra at 108-109, 570 A.2d 1040.
The Lessie Hill case shifted the risk of economic loss to the airline because they are the party in control of the risk. This *58 Court disagrees. It is true that the airline controls whether the baggage is lost. The passenger has a large measure of control as well. Namely, which items are to be placed in checked baggage; whether items of particular value will be placed in carry-on luggage and remain in the owner's possession; or if items of particular value should be declared or insured. Without such a declaration the airline has no way of knowing what valuables are in the baggage they are handling.
The economic interest of passengers to be adequately compensated for lost baggage competes with the airline's interest in controlling costs and curtailing litigation. The Convention's limits on liability have been criticized as unconscionably low. Lisi v. Alitalia-Linee Aeree Italiane, 370 F.2d 508, 512 fn.7 (2d Cir.1966) (involving death, personal injury and property damage caused by the crash of defendant's airplane). Contra, Reed v. Wiser, 555 F.2d 1079, 1093 (2d Cir.1977). Nations in the Third World have complained that the limits of liability are too high. Compromises have been reached in setting the present limits; first at the Hague Conference (1955) and later at Montreal (1966). See Lowenfield and Mendleson, The United States and the Warsaw Convention 80 Harvard Law Review 497 (1967). The economic policy choice however, is not for this Court to make.
As an international treaty the Warsaw Convention remains "the supreme law of the land." Reed v. Wiser, supra at 1093. It is not for Courts to "indulge in judicial treaty-making." Lisi v. Alitalia-Linee Aeree Italiane, supra dissent J. Moore at 515; or to decide if "the U.S. Airline Industry, no longer in its infancy, still needs special protection." Reed v. Wiser, supra at 1093. The Court's function, "is to construe the Convention, determine its meaning and apply it fairly." Dalton v. Delta Airlines, Inc., 570 F.2d 1244, 1246 (5th Cir.1978). Whether the treaty is construed strictly or liberally the polestar should be to effectuate its evident purpose. There is populist appeal in *59 subjecting the airlines to unlimited liability for lost baggage. This is not, however, the evident purpose of the Treaty.
"It is beyond dispute that the purpose of the liability limitation described by Art. 22 was to fix at a definite level the cost to airlines for the damages sustained by their passengers and of insurance to cover such damages."
Reed v. Wiser, supra at 1089.
The Federal cases that liberally construe the Warsaw Convention are persuasive. This Court holds that the failure to record the weight and number of plaintiffs' luggage on the baggage check is a technical and insubstantial omission and should not deny defendant the benefit of the limitation of liability provisions of the Warsaw Convention.
The defendant further urges that it is not liable for the maximum weight of each piece of luggage. Defendant argues that liability should be limited to the weight of the missing items. Defendant calculates its maximum liability to be fifty (50) pounds multiplied by $9.07 per pound for a total of $453.50. See Hartford Fire Insurance Company v. Trans World Airlines, Inc. 671 F. Supp. 693 (C.D.Cal. 1987).
The Hartford case held that when less than an entire shipment is lost, the Convention's liability limitation should be applied to the actual weight of the goods lost, rather than the weight of the entire shipment covered by the waybill. The Hartford Court observed that to apply the liability limitation otherwise would lead to the anomalous result that recovery would be the same for a partial loss as it would be for the loss of an entire shipment.
Where luggage is lost and never found it is impossible to ascertain its true weight. An airline neglecting to place the weight or number of bags on a baggage claim check should be liable for the seventy (70) pounds per bag maximum allowance permitted under the CAB Tariff multiplied by $9.07 per pound, or a total of $634.90 per bag.

*60 "This represents an appropriate accommodation of the need to preserve limited liability for property damage and the need to insure some means of fixing the amount of liability."
Martin v. Pan Am., supra, at 140.
The difficulty presented by the instant case is that the plaintiffs' luggage was lost, found and returned; with jewelry and other valuable items missing.
The Treaty bases damages on weight, not on the actual value of the lost baggage. A pound of jewelry, or for that matter clothing, is obviously worth more than the $9.07 allowed. The plaintiffs were well aware of the worth of their jewelry, and the modest recovery permitted under the Convention for lost baggage, before they checked their luggage with the airline. They chose to run the risk of its loss without benefit of insurance or special declaration. Since the Court has decided that the Warsaw Convention's limitations of liability apply and the plaintiffs have stipulated that the missing items weighed fifty (50) pounds or less, it follows that defendant's liability is limited to a total of $453.50.
The defendant's motion for partial summary judgment is granted.
NOTES
[1] Officially known as the Convention for the Unification of Certain Rules Relating to International Transportation.
[2] Under Art. 22 of the Convention, the carrier's liability is limited to 250 French francs per kilogram based on 65 1/2 milligrams of gold at standard fineness of 9/100,000 converted into U.S. dollars in round figures. The Civil Aeronautics Board (CAB) has calculated this equation to equal 20 U.S. dollars per kilogram, or $9.07 per pound. See CAB Order 74-1-16, 39 Fed.Reg. 1526 (1974); CAB Order 78-8-10, 43 Fed.Reg. 35971 (1978).
[3] Article 25 of the Convention states that a carrier shall not be entitled to limit its liability if damages are caused by its willful misconduct; as that term is understood by the law of the court to which the case is submitted. The plaintiffs have not raised this issue in their pleadings or at oral argument, therefore, the Court will not decide same. The Court notes, in passing, that the facts do not disclose any willful misconduct or its equivalent. See following Hartford Fire Insurance Company v. Trans World Airlines, 671 F. Supp. 693 (C.D.Cal. 1987); Republic National Bank of New York v. Eastern Airlines, 639 F. Supp. 1410 (S.D.N.Y. 1986); Martin v. Pan American Airways, Inc., 563 F. Supp. 135 (D.C.D.C. 1983); contra, Cohen v. Varig Airlines, 88 Misc.2d 998, 390 N.Y.S.2d 515 (1976). Julius Young Jewelry Manufacturing Company, Inc. v. Delta Airlines, 67 A.D.2d 148, 414 N.Y.S.2d 528 (1979).