**Eduardo DA ROSA, Plaintiff,**

**v.**

**TAP AIR PORTUGAL, a/k/a Transportes Aereos Portugueses, E.P., Defendant.**

**No. 92–0840–CIV.**

United States District Court, S.D. Florida.

Aug. 6, 1992.

Howard J. Hollander, Miami, Fla., for plaintiff.

Nickolas Berry, Kimbrell & Hamann, Miami, Fla., Steven Rickman, New York City, for defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING DEFENDANT'S CROSS–MOTION FOR PARTIAL SUMMARY JUDGMENT**

JAMES LAWRENCE KING, District Judge.

This cause comes before the Court upon Plaintiff Da Rosa's Motion for Summary Judgment and upon Defendant Transportes Aereos Portugueses, E.P.'s ("Tap Air") Cross–Motion for Partial Summary Judgment.

## I. BACKGROUND AND PROCEDURAL HISTORY

This is an action brought by Da Rosa for the alleged loss of his baggage by Defendant Tap Air. Plaintiff maintains that the baggage contained artwork valued at $36,000.

Plaintiff Da Rosa filed a Motion for Summary Judgment and Defendant Tap Air filed a Cross–Motion for Partial Summary Judgment. The issues of law before the Court concern the measure of damages Plaintiff is entitled to recover in this action. Defendant argues that its liability is limited by the Warsaw Convention, 49 U.S.C.App. 1502 note, to $640.[1] Plaintiff argues that the Warsaw Convention does not create the exclusive remedy. Plaintiff further contends that even if the Convention is controlling, Defendant has failed to meet the prerequisites necessary to invoke its liability limitations.

---

1. When baggage is lost during international travel and no excess value has been declared at check in, settlement under Article 22 of the Warsaw Convention is based on a weight factor only, which is a maximum of 32 kilos or 70 pounds at $20 per kilo or $9.07 per pound per bag. *See Republic National Bank of New York v. Eastern Airlines,* 639 F.Supp. 1410, 1414 (S.D.N.Y.1986), *aff'd* 815 F.2d 232 (2d Cir.1987).

For the following reasons, this Court holds that while the Warsaw Convention is exclusive when properly invoked,[2] Defendant has failed to meet the requirements necessary for application of the Convention's liability limitations as a matter of law.

## II. ANALYSIS

■ Defendant, Tap Air, may not invoke the liability limitations of the Convention as it has failed to comply with Article 4(3) and (4) which states:

(3) The baggage check shall contain the following particulars:

(d) The number of the passenger ticket;

(f) The number and weight of the packages;

(h) A statement that the transportation is subject to the rules relating to liability established by this convention.

(4) ... Nevertheless, if the carrier accepts baggage without a baggage check having been delivered, or if the baggage check does not contain the particulars set out at (d) (f) and (h) above, the carrier shall not be entitled to avail himself of those provisions of the convention which exclude or limit his liability.[3]

Here, Plaintiff and Defendant agree that the number and weight of the Plaintiff's checked baggage were omitted by Pan American Airlines ("Pan Am"), the airline that transferred the baggage to Tap Air. D's reply mem. at 7. The question then becomes whether Pan Am's omission should be imputed to Tap Air, and if so, what consequences this failure has for Tap Air's limitation rights under the Convention.

This Court finds that Pan Am's omission shall be imputed to Tap Air. Chapter III, Article 30(3) of the Convention states:

As regards baggage or goods, the passenger or consignor shall have a right of action against the first carrier, and the passenger or consignee who is entitled to delivery shall have a right of action against the last carrier, and further, each may take action against the carrier who performed the transportation during which the destruction, loss, or damage, or delay took place. These carriers shall be jointly and severally liable to the passenger or to the consignor or consignee.

Moreover, Chapter I, Article 1(3) of the Convention provides:

Transportation to be performed by several successive air carriers shall be deemed, for the purposes of this convention, to be one undivided transportation, if it has been regarded by the parties as a single operation, whether it has been agreed upon under the form of a single contract or of a series of contracts.

Accordingly, Pan Am's error will be imputed to Tap Air. Tap Air may seek contribution or indemnification from Pan Am, but that does not vitiate its liability to the Plaintiff.

■ The final issue is whether the omission of the number and weight of the packages is material or merely technical. This Court finds the omission to be material and therefore holds that the Warsaw Convention's liability limitations do not apply. Courts have interpreted the plain meaning of the Convention to require strict compli-

---

**2.** *See Alvarez v. Aerovias Nacionales de Colombia, S.A.,* 756 F.Supp. 550 (S.D.Fla.1991) (King, C.J.) (holding that the *exclusive remedy* created by the Convention achieves the uniformity desired by the Convention's framers while still allowing the use of state law) (emphasis added); *Clark v. United Parcel Service, Inc.,* 778 F.Supp. 1209 (S.D. Fla.1991) (following *Alvarez* and affirming the Convention's creation of an exclusive remedy). Thus, even though the cause of action is not exclusive, the remedy created by the Convention is exclusive and preempts all other forms of relief.

**3.** Although Article 4 requires this information to be printed on the "baggage check," the baggage check can be incorporated into the passenger ticket, as occurred in the instant case. *See Republic Nat. Bank of N.Y. v. Eastern Airlines,* 815 F.2d 232 (2d Cir.1987) (finding the Warsaw Convention applied where notice was printed on the passenger's ticket); *Seth v. British Overseas Airways Corp.,* 329 F.2d 302 (1st Cir.1964) (noting that the baggage check may be incorporated into the passenger ticket); *Gill v. Lufthansa German Airlines,* 620 F.Supp. 1453 (S.D.N.Y. 1985) (referring to plaintiff's ticket as his "claim check").

ance. Accordingly, under Article 4(4), the omitted number and weight of the packages makes the baggage check deficient and precludes Tap Air from invoking the liability limitations of the Convention. *See Vekris v. Peoples Exp. Airlines, Inc.*, 707 F.Supp. 675, 678 (S.D.N.Y.1988); *Gill v. Lufthansa German Airlines*, 620 F.Supp. 1453, 1456 (S.D.N.Y.1985); *Maghsoudi v. Pan American World Airways, Inc.*, 470 F.Supp. 1275 (D.Haw.1979); *Hill v. American Airlines, Inc.*, 239 N.J.Super. 105, 108–109, 570 A.2d 1040 (1989).

A second line of cases which found such omissions to be mere technicalities that did not prejudice the passenger generally involved commercial passengers. *See Republic Nat. Bank of N.Y. v. Eastern Airlines*, 815 F.2d 232 (2d Cir.1987) (holding that an experienced international courier should be aware of the applicability of the Warsaw Convention); *Exim Industries, Inc. v. Pan American World Airways, Inc.*, 754 F.2d 106 (2d. Cir.1985) (holding that omissions were technical, insubstantial, and did not prejudice commercial shipper). The one case that extended the reasoning of *Republic* to a typical, noncommercial airline passenger, *Martin v. Pan Am. World Airways, Inc.*, 563 F.Supp. 135 (D.D.C.1983), has been rejected by subsequent courts. In rejecting *Martin*, the *Gill* court stated:

> [T]he stricter interpretation of the Warsaw Convention is the better construction. The language should be given its plain meaning and effect. Article 4 is straight-forward. Nor is it overly demanding. Only three elements on the claim check are absolutely required to preserve liability limitations: notice, ticket number, and number and weight of the bags.... In view of the fact that the Warsaw Convention limits the carrier's responsibility and risk to the passenger, it is not unreasonable or overly technical to require the carrier to comply with the minimum requirements plainly set out by the Convention.

620 F.Supp. at 1456. Moreover, in *Hill*, the court stated:

> *Martin* refers to the weighing of the baggage as a "record keeping provision of the Convention." I fail to find that the provision is merely a technical record keeping provision because: 1) it cannot be a matter of record keeping if the carrier fails to weigh the baggage to keep the record, and 2) if the weight is put on the passenger's claim check, what kind of record would that constitute anyway?

238 N.J.Super. at 108, 570 A.2d 1040.

The most persuasive of these cases is *Vekris*, 707 F.Supp. 675, which is strikingly similar to the instant case. Vekris involved the loss by an airline of original artwork valued at $45,000. In refusing to apply the liability limitations of the Warsaw Convention, the *Vekris* court explained:

> [I]n cases involving non-commercial airline passengers, Article 4 should be interpreted literally. Travelers must be notified of the exact weight of their baggage so that they will know the limit of the airline's liability. Since the effect of the Convention is to keep the liability of the airlines artificially low, it is not unreasonable to require that carriers comply with the strict requirements of Article 4 before availing themselves of the liability limits.

*Id.* at 678. This Court finds persuasive the line of cases drawing a distinction between commercial and noncommercial airline passengers, and will follow that caselaw here. Therefore, under the plain meaning of the Article 4(4), the failure to record the number and weight of the packages on Plaintiff's baggage check precludes Tap Air from invoking the Convention's liability limitations as a matter of law.

As Plaintiff has not proven his damages, this issue remains for trial.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiff's Motion for Summary Judgment be, and the same is hereby, GRANTED. It is further ORDERED AND ADJUDGED that Defendant's Cross–Motion for Partial Summary Judgment be, and the same is hereby, DENIED. Consistent with this Opinion, all

that remains for trial is the exact measure of damages to be awarded.

DONE AND ORDERED.